## MATTER OF ST. JOSEPH'S HOSPITAL

### In Visa Petition Proceedings

### NYC-N-34469

*Decided by Regional Commissioner September 27, 1972*

(1) Notwithstanding an alien may qualify for third preference classification as a member of the professions, in order to qualify for nonimmigrant classification under section 101(a)(15)(H)(i) of the Immigration and Nationality Act, as amended, as an alien of distinguished merit and ability who is coming to the United States temporarily to perform services which require such professional abilities, it must be established that the alien will be able to engage in his profession immediately in this country. (See also, *Matter of Essex Cryogenics Industries, Inc.*, Interim Decision No. 2164.)

(2) In the instant case, the visa petition to accord beneficiary classification under section 101(a)(15)(H)(i) of the Act as an alien of distinguished merit and ability as a pharmacist is denied, since beneficiary will be unable to work as a pharmacist at the place of intended employment until she has had additional training and has passed the New York State licensing examination.

This matter is before the Regional Commissioner on appeal from the denial of the petition to classify the beneficiary as a nonimmigrant worker of distinguished merit and ability under section 101(a)(15)(H)(i) of the Immigration and Nationality Act, as amended.

The petitioning voluntary hospital seeks to engage the beneficiary as a pharmacist over a period of two years at a salary of $120 per 40-hour week. The alien is a 54-year-old native and citizen of the Philippines who presently resides in that country. She is also the beneficiary of an approved preference immigrant visa petition filed by the same petitioner under section 203(a)(6) of the Act, as amended, for her services as a pharmacist. The records of this Service disclose that the sixth preference petition was forwarded to the United States Consulate at Manila, Philippines on November 10, 1971 together with the documentary evidence relating to the alien's qualifications as a pharmacist.

The District Director denied the instant H-1 petition on the grounds it has not been satisfactorily established that the beneficiary is a person of distinguished merit and ability and that the

services to be performed are of an exceptional nature requiring such an individual. It was pointed out that the proposed salary of $120 per week is not indicative of a person of such caliber. On appeal, the Director of the Medical House Staff of the petitioning hospital has asserted that she personally interviewed the alien on a trip to the Philippines last year; that in addition to being a qualified pharmacist, she has worked for years as chief pharmacist in one of the most modern pharmaceutical companies in the Philippines; that she nevertheless has to undergo additional pharmaceutical training in the United States to qualify for a license here; that while she is earning credits towards licensure, she will be paid the minimum salary.

The entire record in this matter has been very carefully reviewed in the light of the representations made on appeal. Section 101(a)(15)(H) of the Immigration and Nationality Act, as amended, includes within the classes of nonimmigrant workers:

... an alien having a residence in a foreign country which he has no intention of abandoning (i) who is of distinguished merit and ability and who is coming temporarily to the United States to perform services of an exceptional nature requiring such merit and ability ...

In the case at hand, we find that the alien is the beneficiary of an approved sixth preference petition but there is insufficient evidence in the record upon which to arrive at a determination as to whether she also meets the requirements for third preference status as a member of the professions. Conceding arguendo that she is a fully qualified professional pharmacist in the Philippines and can readily satisfy the prerequisites for third preference classification, we would find her to be "of distinguished merit and ability" within the meaning of section 101(a)(15)(H)(i) of the Act, as amended.[1] However, in contrast to a third preference case, where it has been held that the petition may be approved even when it is known the alien will not qualify to engage in his profession in the United States for an appreciable period of time, in an H-1 case where the beneficiary is coming to the United States temporarily, it must be established that the alien will be able to engage in his profession immediately.

The petitioner in the instant matter has advised that the beneficiary will not be able to work in this country as a pharmacist until she has had additional training and has passed the New York State licensing examination. Inasmuch as the alien is not fully qualified under the laws governing the place of intended

---

[1] For "H-1" classification, where professional status has already been established, the remuneration to be received by the beneficiary is not material. Compare *Matter of Essex Cryogenics Industries, Inc.*, Interim Decision No. 2164 (1972).

employment to perform the duties of the position for which she is being sought, the services which she would be called upon to perform cannot be regarded as being of an exceptional nature requiring a person of distinguished merit and ability within the contemplation of section 101(a)(15)(H)(i), *supra*. Accordingly, this appeal will be dismissed.

*It is ordered* that the appeal be and same is hereby dismissed.